# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

THOMAS CRAWFORD,

    Plaintiff,

v.

STATE OF NEW JERSEY, *et al.,*

    Defendants.

Civil Action No. 18-1735 (FLW)(DEA)

**MEMORANDUM ORDER**

       This matter comes before the Court a motion by *pro se* Plaintiff, Thomas Crawford for the appointment of pro bono counsel [ECF No. 8]. Plaintiff, a prisoner at New Jersey State Prison, brings this civil rights action against the State of New Jersey, the Department of Corrections, and several corrections officers alleging that corrections officers destroyed legal materials belonging to Plaintiff while those materials were in the possession of another inmate. For the reasons below, Plaintiff's motion for the appointment of counsel is denied.

       While there is no right to counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993), pursuant to 28 U.S.C. §1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. *See Tabron*, 6 F.3d at 156.

       When deciding whether to appoint counsel under §1915, the Court must be persuaded that Plaintiff's claim has some merit in law and fact. *See Tabron*, 6 F.3d at 155. If the Court finds Plaintiff's claim has merit, the Court must then weigh a variety of factors to decide whether it is appropriate to appoint counsel: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required

and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims' (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Parham*, 126 F.3d at 457-58; *Tabron*, 6 F.3d at 155-157. Other factors that must also be considered when deciding an application for the appointment of pro bono counsel are "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time". *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

As a preliminary matter, the Court will assume for the purposes of this motion that Plaintiff's claims have adequate merit and turn to the *Tabron* factors. Relevant to the first factor is Plaintiff's contention that he is "unlearned in the law," and he is "concerned" that without a lawyer to represent him his "constitutional rights will be violated." ECF No. 8 at 3. However, a lack of legal experience alone "is not a basis for appointing counsel, because it is a limitation held in common by most *pro se* parties." *Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010). Plaintiff has, thus far, demonstrated the ability to adequately represent himself at this stage of the proceedings. For example, without the assistance of counsel, Plaintiff has filed a Complaint, two motions and various correspondence with the Court that demonstrate literacy and the ability to reference relevant legal principles. *See Lazko v. Watts*, 373 Fed. App'x 196, 201 (3d Cir. 2010) (Plaintiff's numerous submissions indicated that he was able to present the necessary legal and factual issues to the court.).

Regarding the remaining factors, the legal issues Plaintiff faces at this stage in the litigation do not appear to be unusually complex in nature. Further, at this early point in the proceedings, Plaintiff has not demonstrated the degree to which factual investigations will be

necessary, the extent to which the case is likely to turn on credibility determinations, or that he will require expert witnesses. Overall, the factual and legal issues in this case "have not been tested or developed by the general course of litigation, making a [number of factors] of Parham's test particularly difficult to evaluate." *See Jenkins*, 2006 WL 2465414, at *1.

In sum, the Court has assessed the appropriate factors in conjunction with the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of a lawyer's time, *see id.* (citing Tabron, 6 F.3d at 157–58), and concludes that the appointment of counsel is not warranted at this time. The Court recognizes that the above considerations may change as this litigation proceeds. The Court will continue to monitor the issues raised by Plaintiff may exercise its discretion to appoint counsel *sua sponte* if any of these considerations change. Accordingly,

IT IS on this 23rd day of January 2019

ORDERED that Plaintiff's motion for the appointment of pro bono counsel [ECF No. 8] is DENIED.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge