UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

THOMAS CRAWFORD,                  :
                                  :
              Plaintiff,          :          Civ. No. 18-1735 (FLW) (DEA)
                                  :
       v.                         :
                                  :
SCO B. WHEELER et al.,            :          **OPINION**
                                  :
              Defendants.         :
                                  :

---

**FREDA L. WOLFSON, Chief U.S.D.J.:**

## I.      INTRODUCTION

Plaintiff Thomas Crawford ("Crawford" or "Plaintiff") is a state prisoner incarcerated at

New Jersey State Prison, in Trenton, New Jersey.  He is proceeding *pro se* with this civil rights

action filed under 42 U.S.C. § 1983.  Presently before the Court is a motion by defendants SCO

B. Wheeler ("Wheeler"), Lt. Bundy, SCO E. Perez ("Perez"), SCO G. Christmas, COR J. Leek

("Leek"), COR Patrick Jenson ("Jenson"), Sgt. S. Patterson ("Patterson"), Sgt. DeFazio

("DeFazio"), the State of New Jersey, and the New Jersey Department of Corrections

(collectively, "Movants") for judgment on the pleadings, under Federal Rule of Civil Procedure

12(c).  For the following reasons, the motion is granted insofar as described herein.

## II.      BACKGROUND AND MOTION

The facts underlying this action are straight forward.  Crawford alleges that, on

November 25, 2016, Leek, Jenson, and Perez, searched the cell of another prisoner, Michael

Martin ("Martin"), and placed legal materials, among other items found therein, in the garbage.[1]

(Compl., ECF No. 1-3, ¶¶ 7–11.)  Crawford explains that Martin is a prison paralegal and that

---

[1] Crawford alleges that other corrections officers also came at other times on the same day and
removed various other items from Martin's cell.  (*See* ECF No. 1-3 ¶¶ 12–17.)

some of Crawford's legal documents were among those in Martin's cell that the officers threw away. (*Id.* ¶¶ 5, 11, 19, 23.) He alleges that Patterson and DeFazio had ordered the other officers to search Martin's cell and destroy legal material, and he contends that the search was an act of retaliation for Martin's filing of grievances regarding Wheeler. (*Id.* ¶¶ 5–6, 18.)

On September 19, 2017, Crawford filed a Complaint in the Superior Court of New Jersey, Law Division, Mercer County. (*See id.*) His single-count Complaint alleged that Movants, as well as non-appearing defendants Major Steve Alaimo, SCO S. Clifton, and SCO Amato, destroyed his legal materials as an act of retaliation. (*Id.* ¶¶ 19 & 21.) Crawford also alleged the destruction of his legal materials would cause him to "be unable to pursue [his] litigation and lose [his] case." (*Id.* ¶¶ 20 & 31.) I construe the Complaint as asserting civil rights claims for retaliation and denial of access to the courts, under the First Amendment, as well as supervisory liability. (*See id.*) Crawford also seems to invoke state tort law. (*See id.* at ECF p. 11.)

Movants removed the action to this Court on February 7, 2018, and subsequently field an Answer to the Complaint. (*See* ECF Nos. 1 & 2.) Magistrate Judge Douglas E. Arpert issued a Discovery Scheduling Order, and he subsequently granted Movants leave to file a motion for judgment on the pleadings. (ECF Nos. 3 & 9.)

Movants thereafter filed the present motion for judgment on the pleadings under Rule 12(c). (ECF No. 10.) They argue that damages claims against them in their official capacities must be dismissed, that Crawford's claims are barred by qualified immunity, that Crawford has failed to adequately plead constitutional claims, and that Crawford cannot recover damages because he has not established physical injury. (Br. on Behalf of Defs.' Mot., ECF No. 10-3, at 8–26.) They additionally ask that discovery be stayed pending resolution of the motion. (*Id.* at

14.) Crawford timely filed an opposition to the motion, (ECF No. 17), but Movants have filed

no reply brief.  I note that Judge Arpert subsequently stayed all discovery in this action pending

decision on the motion.  (*See* ECF No. 14.)

### III.    ANALYSIS

"'A motion for judgment on the pleadings based on the defense that the plaintiff has

failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6)

motion.'"  *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (quoting *Revell v. Port Auth.*

*of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010)), *cert. denied* 138 S. Ct. 2623 (2018); *see also*

*Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 279 n.47 (3d Cir. 2016), *cert. denied* 137 S. Ct.

2296 (2017); *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).  In reviewing a motion to

dismiss for failure to state a claim upon which relief may be granted, under Federal Rule of Civil

Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the

light most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210 (3d Cir. 2009) (internal quotation marks omitted).  Although Federal Rule of Civil Procedure

8(a) does not require that a complaint contain detailed factual allegations, "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original).  Thus, to survive a Rule

12(b)(6) motion to dismiss (or a Rule 12(c) motion asserting that Plaintiff has failed to plead a

claim), a complaint must contain sufficient factual allegations to raise a plaintiff's right to relief

above the speculative level, so that a claim is "plausible on its face."  *Id.* at 570; *Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the "plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that defendant had acted unlawfully." *Id.*

*Pro se* pleadings must be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nonetheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim," *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

As noted above, I construed the Complaint as asserting civil rights claims for retaliation, denial of access to the courts, and supervisory liability, under 42 U.S.C. § 1983, as well as invoking state tort law. Section 1983 states, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## A. Claims Against Movants in Their Official Capacities

Section 1983 permits actions against a "person." 42 U.S.C. § 1983. "[A] state is not a 'person' within the meaning of § 1983 . . . ." *Will v. Mich. Dep't of State Police*, 491 U.S. 58,

65–66 (1989). As a claim against a state official in his or her official capacity is essentially a claim against the state, § 1983 claims are not permitted against state officials in their official capacities, except to the extent that such claims seek prospective injunctive relief. (*Id.* at 71 & n.10.)

It is not clear from Crawford's Complaint whether he sues the defendant corrections officers in their official or personal capacities, but he does allege damages claims against the State and the New Jersey Department of Corrections. Such claims are clearly impermissible. *See Will*, 491 U.S. at 65–66, 71 & n.10. Accordingly, the damages claims against the State and the Department of Corrections and the damages claims against the other Movants, to the extent asserted against them in their official capacities, are dismissed with prejudice.

## B. Claim for Retaliation

An incarcerated plaintiff pleads a claim for retaliation by alleging that "(1) he engaged in constitutionally protected conduct[,] (2) he suffered an adverse action[,] and (3) the constitutionally protected conduct was a substantial or motivating factor for the adverse action." *Brant v. Varano*, 717 F. App'x 146, 149 (3d Cir. 2017); *see also Rauser v. Horn*, 241 F.3d 330, 333–34 (3d Cir. 2001). "'[G]overnment actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right.'" *Allah v. Seiverling*, 229 F.3d 220, 224–25 (3d Cir. 2000) (alteration in original) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999)); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).

Once a plaintiff has shown evidence of protected conduct and an adverse action, the question becomes showing a causal link between the two. *See Rauser*, 241 F.3d at 333. At that stage, the plaintiff first bears the burden to show that the protected conduct was a substantial or

motivating factor underlying the adverse action, and the burden then shifts to the defendant to show that it would have taken the same action regardless of the plaintiff's protected conduct. *Id; see also Watson*, 834 F.3d at 831. Where a causal link cannot be shown with direct evidence, a plaintiff may try to satisfy the initial burden by demonstrating "(1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing that suggests a causal link." *Watson*, 834 F.3d at 422.

Here, Crawford's retaliation claim is dismissed because he has failed to plead facts that could support a plausible claim of retaliation. His allegations as to retaliation are either superficial or simply do not concern him. While he alleges that the officers searched Martin's cell and took or destroyed much of the property therein as retaliation for *Martin's* filing of grievances, Crawford's only mention of his own allegedly constitutionally protected conduct is his conclusory: "as a direct result of my participation in and in particularly my involvement in constitutionally protected activity I was retaliated by [defendants]." (ECF No. 1-3 ¶ 21.) At no point does he allege that he engaged in any specific act that was constitutionally protected, and, thus, he fails to plead this element of a retaliation claim.

Even if Crawford had pleaded constitutionally protected conduct (and assuming the destruction of his unidentified legal materials could be found to constitute an adverse action), he has failed to plead any causal link between his own conduct and the actions of defendants. Instead, the Complaint alleges that defendants disposed of the property in Martin's cell as retaliation for Martin's constitutionally protected conduct. (ECF No. 1-3 ¶¶ 5–6 ("Martin was retaliated against for *his* involvement in constitutionally protected activity." (emphasis added)); *see also id.* ¶ 21 ("I was retaliated by Defendants . . . , who entered into a conspiracy to harass and retaliate against Michael Martin.").) These allegations do not support a constitutional claim

by Crawford for retaliation. Accordingly, the retaliation claim is dismissed for failure to plead a claim.

**C. Claim for Denial of Access to the Courts**

An inmate has a constitutional right of meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821–28 (1977). A plaintiff pleading such a claim must show actual resulting injury: "that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). To state such a claim, a plaintiff must describe the underlying, predicate claim with sufficient specificity and must identify the lost remedy. *Id.* at 205–06. A plaintiff must further show that there is no possible remedy for the claimed harm other than through an access-to-the-courts claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Monroe*, 536 F.3d at 205–06.

Like his retaliation claim, Crawford's claim that he was denied access to the courts is too conclusory to survive this motion. Nowhere in his Complaint does Crawford identify what underlying, nonfrivolous claim he lost the opportunity to pursue. Instead, he simply alleges, "[w]ithout the return of my legal material I will incur great harm and injury, simply put, I will be unable to pursue my litigation and lose my case." (ECF No. 1-3 ¶ 20.) He additionally asserts that he "was denied access to Court, and incurred harm and injury because he was unable to pursue a valid legal claim." (*Id.* ¶ 31.) Neither of these assertions includes sufficient specificity to plead a lost chance to pursue a nonfrivolous legal claim. Nor does Crawford explain why an access-to-the-courts claim is now his only possible remedy.

I note that, in his brief opposing the motion, Crawford asserts that the destruction of his legal materials caused him to "lose [his] ability to pursue an appeal." (ECF No. 17 at ECF p. 3.) He does not include any factual allegations of the specific nature of the purported appeal. (*See*

ECF No. 17.)  In any case, this new assertion in Crawford's opposition brief amounts to an improper attempt to amend his Complaint through his motion briefing.  *See Pennsylvania ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) (noting that it is "axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss").  Accordingly, Crawford's claim for denial of access to the courts is dismissed for failure to plead a claim.

**D. Claim for Supervisory Liability**

I have construed Crawford's complaint as asserting claims for supervisory liability as he references an alleged "policy, practice and custom of violating inmates['] rights and for failure to properly train and supervise."  (ECF No. 1-3 ¶ 30.)  While, generally, personal involvement by the defendant in the alleged constitutional violation is central to a § 1983 claim, a supervisory defendant may bear liability premised upon some affirmative supervisory conduct, such as the implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm.  *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010).

However, I conclude that Crawford has failed to allege any direct violation of his constitutional rights, in the form of either retaliation or denial of access to the courts.  Such a predicate constitutional violation is, of course, necessary to establish supervisory liability for such a violation.  "[A]ny claim that supervisors directed others to violate constitutional rights necessarily includes as an element an actual violation at the hands of subordinates.  In addition, a plaintiff must allege a causal connection between the supervisor's direction and that violation . . . ."  *Santiago*, 629 F.3d at 130.  Because Crawford has pleaded no constitutional violation, his

claim for supervisory liability cannot survive.  The supervisory liability claim is dismissed for failure to state a claim.

**E. Remaining Issues**

As I have dismissed all § 1983 claims against movants for failure to state a claim, I do not reach Movants' other arguments seeking judgment on the pleadings.  Similarly, as Judge Arpert previously stayed discovery in this case, I need not address the portion of Movant's brief arguing in favor of such a stay.  I note that Movants additionally argue that Crawford has not sufficiently pleaded a claim concerning purportedly false disciplinary charges against him.  (*See* ECF No. 10-3 at 14–16.)  The Complaint includes a mere passing reference to "bogus disciplinary charges" in a list of purported misconduct engaged in by defendants and other correctional officers.  (*See* ECF No. 1-3 ¶ 28.)  As this paragraph of the Complaint appears to be included merely for context, and as Crawford makes no other mention of false disciplinary charges, I do not construe him as asserting any claim on this basis.

I note that there are three defendants named in Crawford's Complaint who have not appeared in this action:  Major Steve Alaimo, SCO S. Clifton, and SCO Amtao.  (*See* ECF No. 1-3.)  The analysis leading to the conclusion that the Complaint fails to plead any § 1983 claim against Movants applies with equal force to the same § 1983 claims as asserted against the non-appearing defendants.  Thus, I exercise my screening authority, under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), to dismiss the § 1983 claims as against those defendants for failure to state a claim.  *See also Slater v. Skyhawk Transp., Inc.*, 187 F.R.D. 185, 202 (D.N.J. 1999) ("'It is well established that, even if a party does not make a formal motion to dismiss, the court may, *sua*

*sponte*, dismiss the complaint where the inadequacy of the complaint is clear.'" (quoting

*Michaels v. New Jersey*, 955 F. Supp. 315, 331 (D.N.J. 1996))).

Finally, I note that Crawford's Complaint also references state tort law. To the extent

that Crawford seeks to allege tort claims under state law, I decline to exercise supplemental

jurisdiction over such claims in light of the dismissal of his § 1983 claims. *Hedges v. Musco*,

204 F.3d 109, 123 (3d Cir. 2000) ("[W]here the claim over which the district court has original

jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state

claims unless considerations of judicial economy, convenience, and fairness to the parties

provide an affirmative justification for doing so." (internal quotation marks omitted)).

## IV.    CONCLUSION

For the foregoing reasons, Movants' motion for judgment as a matter of law under

Federal Rule of Civil Procedure 12(c) is granted insofar as described herein. Crawford's claims

for damages against the State of New Jersey and the New Jersey Department of Corrections and

his claims for damages to the extent asserted against the other defendants in their official

capacities are dismissed with prejudice. Crawford's claims for violation of his constitutional

rights under 42 U.S.C. § 1983 are dismissed without prejudice, for failure to state a claim. The

Court would decline to exercise supplemental jurisdiction over any claims under state tort law if

Crawford cannot state an adequate federal claim. In that regard, Crawford may submit a

proposed Amended Complaint that addresses the deficiencies identified herein within thirty (30)

days. If Crawford does not timely submit an Amended Complaint, the case will be remanded to

the Superior Court of New Jersey, Law Division, Mercer County. An appropriate order follows.

DATED:  August 9, 2019                                    /s/ Freda L. Wolfson
                                                          FREDA L. WOLFSON
                                                          U.S. Chief District Judge